1  **LARRY A. WALRAVEN (S.B. #143327)**
2  lwalraven@calemployerlaw.com
   **ALEXANDRA M. WILLIAMSON, (S.B. #246453)**
3  awilliamson@calemployerlaw.com
   **WALRAVEN & LEHMAN LLP**
4  120 Vantis, Suite 535
   Aliso Viejo, California 92656
5  Telephone:   (949) 215-1990
   Facsimile:   (949) 215-1999

6

7  Attorneys for Plaintiff PLAN BOARD OF SUNKIST
   RETIREMENT PLAN

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 PLAN BOARD OF SUNKIST          Case No. CV05-8659 AG (RCx)
   RETIREMENT PLAN,
13                                ~~[PROPOSED]~~ JUDGMENT
                  Plaintiff,
14
           v.
15
   HARDING & LEGGETT, INC., and
16 DOES 1 through 10, inclusive,

17            Defendant.

18 HARDING & LEGGETT, INC., and
   DOES 1 through 10, inclusive,
19
20            Counter Claimant

21 vs.

22 PLAN BOARD OF SUNKIST
   RETIREMENT PLAN; THE SUNKIST
23 RETIREMENT PLAN; and ROES 1
   through 10, inclusive,
24
25            Counter Defendants.

26

27

28

1  The above-captioned matter came before the Court for trial on July 28, 29 and 30,

2  2009, Honorable Judge Andrew J. Guilford, presiding.  The trial of this case was held

3  before the Court sitting without a jury.  After reviewing the evidence and evaluating the

4  credibility of the witnesses and other evidence, the Court made the Findings of Fact and

5  Conclusions of Law attached hereto as Exhibit A, which are incorporated herein by

6  reference.  In accordance with the Findings of Fact and Conclusions of Law and Fed. R.

7  Civ. Proc. 58(a), IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED

8  THAT:

9

10     1.     JUDGMENT be and hereby is entered in favor of Plaintiff and

11            Counter Defendant Plan Board of Sunkist Retirement Plan ("Plan

12            Board") and against Defendant and Counter Plaintiff Harding &

13            Leggett, Inc. ("Harding & Leggett") in the amount of $448,072.00,

14            plus interest at 8% per annum from October 6, 2005 until paid; and

15     2.     Harding & Leggett shall take nothing on Harding & Leggett's

16            counterclaims against the Plan Board and all counterclaims are

17            hereby dismissed with prejudice.

18

19

20  Dated: **APRIL 13** , 2010

21  Hon. Andrew J. Guilford
    United States District Court Judge

22

23

24

25

26

27

28

# EXHIBIT A

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9            FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11   PLAN BOARD OF SUNKIST          )    CASE NO. CV 05-8659 AG (RCx)
     RETIREMENT PLAN,               )
12                                  )
                  Plaintiff,        )    FINDINGS OF FACT AND
13                                  )    CONCLUSIONS OF LAW
             v.                     )
14                                  )
     HARDING & LEGGETT, INC.,       )
15   and DOES 1 through 10, inclusive, )
                                    )
16             Defendants.          )
                                    )
17   _____ )
     HARDING & LEGGETT, INC.,       )
18   and DOES 1 through 10, inclusive, )
                                    )
19          Counter Claimant,       )
                                    )
20           v.                     )
                                    )
21   PLAN BOARD OF SUNKIST          )
     RETIREMENT PLAN; THE           )
22   SUNKIST RETIREMENT PLAN;       )
     and ROES 1 through 10, inclusive, )
23                                  )
            Counter Defendants      )
24                                  )
     _____ )
25
26        This case concerns the Sunkist Retirement Plan ("Plan").  Plaintiff and Counter
27   Defendant Plan Board of Sunkist Retirement Plan ("Plaintiff") seeks to collect
28   withdrawal liability contribution under the Plan from Defendant and Counter Claimant

1 | Harding & Leggett, Inc. ("Defendant"). Defendant seeks reimbursement from Plaintiff in
2 | its Counterclaim for overpayment of a withdrawal liability contribution under the Plan.
3 |
4 | **FINDINGS OF FACT**
5 |
6 |      After reviewing the evidence and evaluating the credibility of the witnesses and
7 | other evidence, the Court makes the following findings of fact, including any findings of
8 | fact found in the Conclusions of Law.
9 |     1.    The following facts are admitted and require no proof:
10 |         1.1    The Plan is a multiple-employer pension benefit plan governed by the
11 | Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et
12 | seq. ("ERISA").
13 |         1.2    Plaintiff is the board established and appointed under the Plan to
14 | administer the Plan.
15 |         1.3    Defendant began as a contributing employer to the Plan in 1970.
16 |         1.4    Defendant sent notice to the Plan Administrator in December 2004 of
17 | its intention to withdraw from the Plan effective March 31, 2005.
18 |         1.5    In 2005, Plaintiff assessed Defendant withdrawal liability in the
19 | amount of $1,248,072.
20 |         1.6    In 2005, Defendant made a payment to the Plan of $800,000.
21 |     2.    This is an action under ERISA.  Under 28 U.S.C. § 1331, Federal District
22 | Courts have original jurisdiction of all civil actions arising under the laws of the United
23 | States.  Venue is proper in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §
24 | 1132(e)(2), because the Plan is administered in part in the Central District of California.
25 | The facts requisite to federal jurisdiction are admitted.
26 |     3.    In 1997, the Plan was amended to provide an enhanced benefit for
27 | participants who experience a "job elimination."
28 |     4.    In 2002, the Plan document was restated with the intention of incorporating

1   all amendments to the Plan through January 2002. In the drafting of the 2002

2   Restatement, the 1997 Amendment was inadvertently left out of the Plan document.

3         5.     There was never a vote or other action to remove the job elimination benefit,

4   and the Plan has continued to provide it, after 2002, to participants who qualify. The

5   language establishing the job elimination benefit was restored to the Plan document in

6   2005. At least one participant of Defendant has received the job elimination benefit since

7   2002.

8         6.     The Plan requires withdrawing employers to make a withdrawal liability

9   contribution if any unfunded benefit liabilities exist at the time of withdrawal. ·

10         7.     Section 2.1 of the Plan provides that Plaintiff shall determine the unfunded

11   benefit liabilities and it shall do so using the hypothetical assumption that the Plan was

12   terminated under the provisions of Section 4041 of ERISA on the last day of the plan

13   year before the withdrawal.

14         8.     Plaintiff's determination of unfunded benefit liabilities was made using the

15   PBGC prescribed mortality and interest rate assumptions.

16         9.     Defendant's contention that the PBGC actuarial assumptions do not

17   accurately reflect market annuity pricing for terminating Plans has been expressly

18   rejected by the PBGC, which explains that the combination of PBGC's mortality

19   assumption and interest assumptions "provides the best fit for average market prices" of

20   annuities.

21         10.     Section 6.3(a)(8) of the Plan provides that "[a]ll actions of the [Plan Board]

22   shall be conclusive on all persons interested in the Plan except to the extent otherwise

23   specifically indicated herein."

24         11.     Section 4.13 of the Plan provides that a benefit shall be deemed forfeited

25   when payment cannot be made after a diligent search to find the participant or

26   beneficiary, "however, such benefit will be reinstated for the Participant's or

27   Beneficiary's benefit if a claim [is] made for the forfeited benefit by the Participant or

28   Beneficiary."

1    12.    As of December 31, 2004 unfunded benefit liabilities existed totaling
2    $118,063,000.

3    13.    Defendant's share of those unfunded benefit liabilities was $1,248,072.

4    14.    The terms of the Plan require that Defendant pay the assessed withdrawal
5    liability within 90 days of the assessment.

6    15.    Portions of the expert testimony provided by Defendant was unreliable.
7    Surprisingly, Defendant's expert did not know what "LexisNexis" is.  Plaintiff's
8    witnesses were more credible.

9    16.    The purpose of withdrawal liability is to safeguard participants in the Plan
10   by requiring a withdrawing employer to fund its share of the Plan obligations incurred
11   during its association with the Plan.  The Central District has noted that withdrawal
12   liability not only protects "the reliance interests of employees, but also the interests of
13   other employers who elect to remain in the pension plan program . . . .  Those who did
14   would have to assume an ever-increasing share of the liability as the number of
15   contributing employers decreased."  *S & M Paving, Inc. v. Constr. Laborers Pension*
16   *Trust of S. Cal.*, 539 F. Supp. 867, 873-75 (C.D. Cal. 1982).

17   17.    If employers' withdrawal liabilities are understated, employers will have an
18   economic incentive to withdraw from the Plan.  Such withdrawals would be expected to
19   worsen the Plan's financial status, and thus are not in the interests of Plan participants
20   and beneficiaries.  The Court finds that in these difficult economic times, this factor is
21   particularly significant.

22

23   **CONCLUSIONS OF LAW**

24

25   The Court makes these conclusions of law, including any conclusions of law found
26   in the Findings of Fact.

27   1.    Plaintiff's determination of unfunded benefit liabilities was made in
28   accordance with Section 2.1 of the Plan.

4

1    2.    Congress, through ERISA, has placed a fiduciary duty on Plaintiff to

2 administer the Plan "solely in the interest of the participants and beneficiaries . . . ."

3 ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

4    3.    The general rule of ERISA is a "rule of deference to fiduciary decision-

5 making," and Congress did not intend for courts "to substitute their judgments for the

6 judgments of fiduciaries on decisions involving actuarial rates." *British Motor Car*

7 *Distrib., Ltd. v. San Francisco Auto. Indus. Welfare Fund*, 882 F.2d 371, 376 (9th Cir.

8 1989). Plaintiff's fiduciary responsibilities include the determination and assessment of

9 withdrawal liability.

10    4.    Where, as here, discretionary authority is expressly conferred to Plaintiff,

11 "the administrator's decision is reviewed under abuse of discretion." *Walker v. Am.*

12 *Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1066 (9th Cir. 1999).

13    5.    Plaintiff's determination of unfunded benefit liabilities was not arbitrary and

14 capricious, nor was such determination an abuse of Plaintiff's discretion.

15    6.    Defendant is bound by Plaintiff's determination of unfunded benefit

16 liabilities.

17    7.    Regulations issued by the PBGC under ERISA require that "in the absence

18 of proof of death, individuals not located are presumed living." 29 C.F.R. § 4050.2

19 (definition of "missing participant").

20    8.    Liabilities related to participants and beneficiaries who are over 65 years old

21 and have not been located should not be disregarded for purposes of determining the

22 Plan's liabilities in the event the Plan is terminated, and the Plan need not assume that a

23 certain percentage of participants under age 65 will never claim their benefits. This is

24 because under Section 4.13 of the Plan, ERISA § 4050, 29 U.S.C. § 1350, 29 C.F.R. §

25 4050.2, and 29 C.F.R. § 4050.3, such liabilities must be paid upon a plan termination,

26 even if a participant is never located.

27    9.    Defendant is not entitled to a refund because its withdrawal liability was not

28 overstated or overpaid. Further, under ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), plan

1    assets can never inure to the benefit of an employer.  Alleged actuarial errors are not

2    mistakes of fact and do not fall into the exception to this rule provided by ERISA.  *British*

3    *Motor*, 882 F.2d 375-76 (9th Cir. 1989).

4         10.    Defendant owes unpaid withdrawal liability totaling $448,072, plus interest

5    at 8% per annum until paid.

6

7    **DISPOSITION**

8

9         Plaintiff's counsel is directed to prepare the judgment and serve it on Defendant by

10   March 31, 2010.  Defendant shall have 14 days from the date of service of the proposed

11   judgment to object to the proposed judgment.  If no objection is received within 14 days,

12   the judgment will be entered immediately, and Federal Rule of Civil Procedure 52(b) will

13   apply on entry of the judgment.

14

15   IT IS SO ORDERED.

16

17   DATED: March 17, 2010

18

19

20                                    Andrew J. Guilford
                                      United States District Judge

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2      I am employed by the law firm of Walraven & Lehman LLP, and my business

3 address is 120 Vantis, Suite 535, Aliso Viejo, California 92656.  I am over the age of 18

4 and not a party to the action.

5      On March 30, 2010 I served the foregoing describe as

6                    **[PROPOSED] JUDGMENT**

7 on the interested parties in this action in the manner designated below:

8  Don E. Lanson
   MANFREDI, LEVINE, ECCLES & MILLER          Fax No.  805.379.3819
9  3262 E. Thousand Oaks Boulevard, Suite 200
10 Westlake Village, CA 91362-3400

11  X   by putting a true and correct copy thereof, together with an unsigned copy of this
        declaration, in a sealed envelope designated by the carrier, with delivery fees paid
12      or provided for, for delivery the next business day to the person(s) listed above, and
        placing the envelope for collection today by the overnight courier in accordance
13      with the firm's ordinary business practices.  I am readily familiar with this firm's
        practice for collection and processing of overnight courier correspondence.  In the
14      ordinary course of business, such correspondence collected from me would be
        processed on the same day, with fees thereon fully prepaid, and deposited that day
15      in a box or other facility regularly maintained by Overnite Express, which is an
        express carrier.
16

17      I declare under penalty of perjury under the laws of the State of California and the

18 United States that the foregoing is true and correct, and that I am employed in the office of

19 a member of the bar of this court at whose direction the service was made.

20      Executed on March 30, 2010, at Aliso Viejo, California.

21

22

23                                    _____
                                              Kim Sullivan
24

25

26

27

28

                                              [PROPOSED] JUDGMENT
                                              CV05-8659 AG (RCx)